UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANNETTE STEPHENS<br>Plaintiff,<br><br>v.<br><br>T-MOBILE, USA, INC.<br>A Delaware Corporation<br>Defendant. | **COMPLAINT** |

## COMPLAINT AND JURY DEMAND

*Annette Stephens states the following claims for relief:*

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227 (b)(3).

2. This action arises out of Defendants' violations of the Telephone Consumer Protection Act ("TCPA") in its illegal efforts to collect a consumer debt.

3. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. The Plaintiff to this lawsuit is Annette Stephens who resides in Davison, Genesee County, Michigan.

5. The Defendant to this lawsuit is T-Mobile USA, Inc., a Delaware Corporation.

### FACTUAL ALLEGATIONS

6. In March 2012, Plaintiff obtained a MetroPCS account with a wireless telephone number of 810-308-2827.

1

7. Within the past several months, Plaintiff has received numerous calls to her wireless telephone number.

8. On information and belief, the first prohibited call made to Plaintiff was received on or about June 21, 2012 at 1:53pm.

9. Each and every prohibited call made to Plaintiff by Defendant has contained a prerecorded message.

*Prohibited calls that were willful or knowing*

10. The prerecorded message stated,

> Hello, this is T-Mobile calling with an important message for Tyler (indecipherable) we need to speak to you about your T-Mobile account. Please call us at 877-819-6042. Again our toll-free number is 877-819-6042.

*Additional prohibited calls*

11. Plaintiff then received the prerecorded messages and prohibited calls from Defendant on the following dates and times:

- 6/21/12       6:53pm
- 6/27/12       1:50pm
- 6/27/12       6:51pm
- 6/28/12       1:51pm
- 6/28/12       6:51pm
- 7/2/12        1:51pm
- 7/2/12        6:51pm
- 7/6/12        1:55pm
- 7/6/12        6:54pm
- 7/10/12       1:48pm
- 7/10/12       6:49pm
- 7/16/12       1:49pm
- 7/16/12       6:50pm
- 7/20/12       7:09pm
- 7/23/12       1:51pm
- 7/27/12       1:59pm
- 7/27/12       6:57pm
- 7/31/12       1:46pm

- 7/31/12    6:48pm
- 8/6/12     1:51pm
- 8/6/12     6:51pm
- 8/10/12    1:56pm
- 8/10/12    6:54pm

12. Each and every call made to Plaintiff was through the use of an automatic telephone dialing system ("auto dialer").

13. Each and every call made to Plaintiff was through the use of equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers.

14. Each and every call made to Plaintiff by Defendant resulted in a prerecorded message being left.

15. Defendant used prohibited equipment when it made calls to Plaintiffs telephone number assigned to a wireless service.

16. When Plaintiff was able to answer the calls, she heard a prerecorded message.

17. At no time, did Plaintiff provide prior express permission for Defendant to call her telephone number assigned to a cellular telephone using equipment that has the capacity to auto dial or permission to call her and leave prerecorded messages.

18. Plaintiff seeks damages for each and every prohibited call to her cell phone number.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### U.S.C. § 227 (b)(3)(B) – Willful or Knowing

19. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

20. On information and belief, Defendant used an automatic telephone dialing system as

3

defined by 47 USC § 227 (a)(1) and/or provided prerecorded messages when it made each and every call to Plaintiffs cell phone in the last four years.

21. Defendant did not have Plaintiff's prior express permission prior to contacting Plaintiff on her cell phone using an automatic telephone dialing system.

22. Defendant made the calls to Plaintiff willfully.

23. Defendant made the calls to Plaintiff knowingly.

24. Defendant's acts in making the calls to Plaintiff were not accidental.

25. Plaintiff has been damaged by the above acts.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in an amount to be determined by the Court.

## COUNT II
### INJUNCTIVE RELIEF UNDER THE TELPHONE CONSUMER PROTECTION ACT
### U.S.C. §227(b)(3)(A)

26. Plaintiff incorporates by reference each and every allegation within this Complaint.

27. Plaintiff requests that this Court grant it injunctive relief ordering Defendant, its agents, employees, representatives or Defendant's successors and assigns from taking any acts that violate the Telephone Consumer Protection Act.

**WHEREFORE**, Plaintiff prays that an Order enjoining Defendant from committing any act that would violate any provision of the Telephone Consumer Protection Act.

## COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### U.S.C. § 227 (b)(3)(B) – Not Willful or Knowing
A claim pled in the alternative to Count I

28. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

29. On information and belief, Defendant used an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) and /or provided prerecorded messages when it made each and every call to Plaintiffs cell phone in the last four years.

30. Defendant did not have Plaintiff's prior express permission prior to contacting Plaintiff on her cell phone using an automatic telephone dialing system.

31. Plaintiff was damaged by Defendant's acts.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in an amount to be determined by the Court.

### JURY DEMAND

Plaintiff demands a trial by jury.

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(3)

- damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of $1,500 for each such act that this Court finds were made willfully <u>or</u> were made knowingly; and

- such other relief as the Court may deem just and proper.

### COUNT II
### INJUNCTIVE RELIEF
### U.S.C. §227(b)(3)(A)

- for an order enjoining Defendant from committing any act that would violate any provision of the Telephone Consumer Protection Act.

### COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(3)

- damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the

amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly; and

- such other relief as the Court may deem just and proper.

                Respectfully submitted,

Dated: September 7, 2012        *Andrew L. Campbell*

                Andrew L. Campbell
                653 S. Saginaw Street, Suite 201
                Flint, MI 48502
                (810) 232-4344
                hundy24@yahoo.com
                P64391

                Attorney for Plaintiff